**Travis BECKLES, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 13–13569**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 5, 2014.

Janice Louise Bergmann, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Petitioner–Appellant.

Kathleen Mary Salyer, Anne Ruth Schultz, Wifredo A. Ferrer, Cristina Moreno, Assistant U.S. Attorney, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Respondent–Appellee.

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Travis Beckles, a federal prisoner serving a 216–month sentence for possessing a sawed-off shotgun as a convicted felon, appeals the denial of his counseled 28 U.S.C. § 2255 motion to vacate his sentence. In his § 2255 motion, Beckles claimed that he was improperly sentenced as a career offender under U.S.S.G. § 4B1.1 because his conviction for possession of a sawed-off shotgun was not a "crime of violence." The district court ultimately denied the claim, citing our decision in *United States v. Hall,* 714 F.3d 1270 (11th Cir.2013).

On appeal, Beckles acknowledges that *Hall* forecloses his claim, but contends that the case was wrongly decided. For the following reasons, we affirm.

I.

In a § 2255 proceeding, we review questions of law *de novo. Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir.2004). We are bound by the opinion of a prior panel unless the Supreme Court or this Court sitting *en banc* overrules that opinion. *United States v. Lawson,* 686 F.3d 1317, 1319 (11th Cir.2012).

Under § 4B1.1 of the Sentencing Guidelines, a defendant who is convicted of a felony crime of violence or a controlled substance offense, and who already had two prior such convictions, is subject to an enhanced sentence for being a career offender. U.S.S.G. § 4B1.1(a). The term "crime of violence" includes "any offense under ... state law, punishable by imprisonment for a term exceeding one year, that ... involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).

The commentary to § 4B1.2(a) explicitly states that "[u]nlawfully possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" U.S.S.G. § 4B1.2 cmt. n. 1. Commentary in the Sentencing Guidelines that interprets a guideline "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States,* 508 U.S. 36, 37, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993).

In *Begay v. United States,* 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), the Supreme Court concluded that an offense is a "violent felony" under the Armed Career Criminal Act ("ACCA")—which defines the term using language nearly identical to the definition of "crime of violence" under U.S.S.G. § 4B1.2(a)—only if it is "roughly similar, in kind as well as in degree of risk posed" to the ACCA's enumerated crimes of burglary of a dwelling, arson, extortion, or unlawful use of explosives. *See Begay,* 553 U.S. at 143, 128 S.Ct. at 1585. Applying *Begay,* in *United States v. McGill,* 618 F.3d 1273 (11th Cir. 2010), we concluded that a prior conviction for mere possession of a sawed-off shotgun, is not a "violent felony" under the ACCA. *McGill,* 618 F.3d at 1277.

In *Hall,* we decided that possession of an unregistered sawed-off shotgun, as defined by 26 U.S.C. § 5861(d), qualifies as a "crime of violence" under the ACCA. *McGill,* 618 F.3d at 1277.

In *Hall,* we decided that possession of an unregistered sawed-off shotgun, as defined by 26 U.S.C. § 5861(d), qualifies as a "crime of violence" under § 4B1.2(a), based on the commentary to that guideline provision. *Hall,* 714 F.3d at 1273. We explained that the commentary was controlling over *Begay* and *McGill,* because the commentary did not violate the Constitution or a federal statute, and was not inconsistent with, or a plainly erroneous reading of, the guideline text. *Id.* at 1273–74.

Here, Beckles's claim fails on the merits under *Hall,* and we are bound by that decision.

AFFIRMED.